UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Deutsche Bank National Trust Company** ) | **CASE NO. 1:07 CV 2031** |
| **as Trustee under Pooling and Servicing** ) | |
| **Agreement Dates as of November 1, 2005** ) | |
| **Morgan Stanley Home Equity Loan Trust**) | |
| **2005-4 Mortgage Pass Through** ) | |
| **Certificates, Series 2005-4,** ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **vs.** ) | |
| ) | |
| **Thelma Sealey, et al.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendants.** ) | |

This matter is before the Court upon plaintiff's Motion for Summary Judgment (Doc. 25). For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

Plaintiff, Deutsche Bank National Trust Company as Trustee under Pooling and Servicing Agreement Dates as of November 1, 2005 Morgan Stanley Home Equity Loan Trust 2005-4 Mortgage Pass Through Certificates, Series 2005-4, filed this Complaint for

1

Foreclosure against defendants, Thelma Sealey and her Unknown Spouse.  The latter has previously been dismissed by this Court upon motion of plaintiff. The following facts are not disputed.

Thelma Sealey executed and delivered a promissory note (the Note) to MERS in the amount of $124,100.00.  Sealey also executed and delivered to MERS a mortgage (the Mortgage) to secure amounts due on the Note and conveying property known as 947 Roanoke Road, Cleveland Heights, Ohio 44121 (the Property). The Mortgage was thereafter transferred by assignment (the Assignment) to plaintiff.

The Note and Mortgage are in default because payments required to be made under the terms of the Note and Mortgage have not been made. Written notice of default was given to Sealey under the terms of the Note.  The default was not cured, and the Note was accelerated which required the immediate payment of all unpaid principal and interest on the Note. The deadline for the payment of the overdue amount passed without payment being made.

Because the Note has been accelerated and is in default, there is currently due and payable on the Note principal in the amount of $124,098.17, plus interest on the outstanding principal balance at the rate of 6.875 % per annum from March 1, 2007, plus costs and expenses incurred to enforce plaintiff's rights under the Note and Mortgage.

This matter is now before the Court upon plaintiff's Motion for Summary Judgment. The motion is unopposed.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and

the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial.  If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall be entered "if appropriate."

### **Discussion**

Based on the unopposed evidence submitted to this Court and discussed herein, the Court finds that summary judgment is appropriate.  Under Ohio law, once a default in payment has been made under the terms of a note and the note has been accelerated, the mortgagee is entitled to judgment. *See Gaul v. Olympia Fitness Center, Inc.*, 88 Ohio App.3d 310 (1993) (citations omitted)  As discussed above, the Note and Mortgage at issue are in default because payments required to be made thereunder have not been made. Because the Note has been accelerated and is in default, there is currently due and payable on the Note principal in the amount of $124,098.17, plus interest on the outstanding principal balance at the rate of 6.875% per annum from March 1, 2007, plus late charges and expenses incurred to enforce plaintiff's rights under the Note and Mortgage.

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/17/07